IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 5:11-cr-0124

ELISHA RIGGLEMAN,

        Defendant.

**ORDER**

The Court previously held in abeyance the *United States' Motion to Exclude the Defendant's Assertion of an Insanity Defense and to Exclude the Introduction of Evidence Pertaining to the Diminished Capacity of the Defendant to Control or Reflect Adequately upon the Consequences or Nature of his Actions* (Document 143) pending an independent mental examination assessing whether or not there is any mental disease or defect which would preclude the Defendant from being able to formulate the necessary intent required to commit the crimes alleged in the Second Superseding Indictment. The Court and the parties have now received Dr. Ralph Smith's independent report, wherein Dr. Smith concludes that Defendant's mental disorders would not have prevented him from appreciating the wrongfulness of the conduct alleged in this case.

The Government moves (1) to exclude the Defendant's assertion of an insanity defense, and (2) to exclude the introduction of evidence pertaining to the diminished capacity of the

1

Defendant to control or reflect adequately upon the consequences or nature of his actions. (Document 143 at 1.)  In support of its motion, the Government argues the Defendant failed to provide timely notice of his intent to assert the insanity defense under Rule 12.2(a) of the Federal Rules of Criminal Procedure.  A defendant who intends to assert an insanity defense "must so notify an attorney for the government in writing within the time provided for filing a pretrial motion . . . [.]" Fed. R. Crim. P. 12.2.  "A defendant who fails to do so cannot rely on an insanity defense." *Id*.  However, "[t]he court may, for good cause, allow the defendant to file the notice late . . . [.]" *Id*.

At the time of the Government's motion, the only expert in this case opined that "at the time of the alleged offense, [the Defendant's] illness did not impair his ability to appreciate the wrongfulness of his conduct." (Document 109 at 17.)  Thus, the Government argued the Defendant "has not identified any expert testimony or other basis upon which the defendant may rely to assert the defense, or to refute the competency and criminal responsibility reports." (Document 143 at 2.)  The Court subsequently ordered the independent exam performed by Dr. Smith.  Dr. Smith reaches the same conclusion as that contained in the previous report.  Thus, even had the Defendant timely noticed his intent to pursue an insanity defense, the Court finds the Defendant fails to put forth any expert evidence to support the same.  Accordingly, the Defendant shall be precluded from asserting or putting forth any evidence in support of an insanity defense.

Next, the Court considers the Government's motion to exclude the introduction of evidence relating to the diminished capacity of the defendant to control or reflect adequately upon the consequences or nature of his actions. The Insanity Defense Reform Act, 18 U.S.C. § 17 ("IDRA"), codifies the federal insanity defense standard, and provides the following:

> (a) *Affirmative defense*.- It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. *Mental disease or defect does not otherwise constitute a defense.*
>
> (b) *Burden of Proof*.- The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

18 U.S.C. § 17. (emphasis added). The "IDRA bars a defendant who is not pursuing an insanity defense from offering evidence of his lack of volitional control as an alternative defense." *United States v. Worrell*, 313 F.3d 867, 875 (4th Cir. 2002). "The IDRA does not prohibit psychiatric evidence of a mental condition short of insanity when such evidence is offered purely to rebut the government's evidence of specific intent, although such cases will be rare." *Id*. at 873. The Fourth Circuit suggested the proper use of such psychiatric evidence would be to show that the defendant "did not do it, not that he could not help it." *Id*. at 874. Both psychiatric expert reports conclude that the Defendant's mental condition did not prevent him from appreciating the wrongfulness of his actions. Even if the Defendant was not specifically barred from offering evidence of his lack of volitional control as an alternative to the insanity defense, nothing in the record suggests he had a lack of volitional control. Therefore, the Defendant shall be precluded from offering psychiatric evidence of a mental condition that he lacked the volitional control to form the requisite intent to commit the crimes charged in the Second Superseding Indictment.

Based on the aforementioned findings, the Court **ORDERS** that the *United States' Motion to Exclude the Defendant's Assertion of an Insanity Defense and to Exclude the Introduction of Evidence Pertaining to the Diminished Capacity of the Defendant to Control or Reflect Adequately upon the Consequences or Nature of his Actions* (Document 143) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 20, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA