**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

**UNITED STATES OF AMERICA**

v.                                                                                              **Criminal No. 5:11-0124**

**ELISHA RIGGLEMAN**

**MEMORANDUM OPINION AND ORDER**

On December 17, 2012, the undersigned received a letter from Defendant (Document No. 252.) insisting once again *pro se* as he has repeatedly throughout these proceedings that Special Assistant United States Attorney Debbie Stevens, a Bureau of Prisons attorney, is not qualified and does not have authority to represent the United States in prosecuting him in this matter.[1] In this correspondence, Defendant states as follows:

> You need to read 28 C.F.R. § 600.1, 28 C.F.R. § 600.3 and 28 U.S.C. § 543, special counsel; go to the research reference, and it refers to 28 C.F.R. § 600.1. Also see 28 U.S.C. § 593. You will see that Debbie Stevens being a government employee is what makes her illegal to be appointed as a SAUSA. You stated in earlier hearings that the government appoints local state prosecutors as SAUSA. That much is true and legal just as long as he/she is not a government employee. And especially when Debbie Stevens works with the victim of the crime. This alone is a conflict of interest as she is seeking a personal outcome of this case. 28 C.F.R. § 600.1 states that before

---

[1] Defendant was initially charged by two-count Indictment filed on May 24, 2011, with threatening to kidnap and assault a Federal Bureau of Prisons law enforcement officer (Count One) and threatening to murder and assault the wife and child of the officer (Count Two) in violation of 18 U.S.C. § 115(a)(1)(b). (Document No. 1.) A six-count Superseding Indictment was filed on December 20, 2011, charging Defendant with violating 18 U.S.C. § 115(a)(1)(b) as charged in Counts One and Two of the initial Indictment and further charging Defendant with disseminating and threatening to disseminate information that a witness was cooperating with the government in violation of 18 U.S.C. 1512(b)(1) (Count Three) and attempting to influence four witnesses to testify falsely in violation of 18 U.S.C. § 1512(b)(1) (Counts Four through Six). (Document No. 102.) A seven-count Second Superseding Indictment was filed on March 20, 2012, charging Defendant as charged in Counts One and Two of the initial and Superseding Indictments, changing the statutory provision violated in Count Three to 18 U.S.C. § 1512(a)(2)(A) and charging conduct in violation of 18 U.S.C. 1512(b)(1) in the last four counts. (Document No. 122.)

> the Attorney General will appoint a special counsel, there must be a conflict of interest or extraordinary circumstances. There is none. If so, show it. What reason is there to appoint a special counsel when there is reg[ular] Assistant U.S. Attorney such as John File.

Defendant indicates further that he and his attorney disagree on the issue whether Ms. Stevens qualifies and has authority to represent the United States in this matter and states that his attorney "tried to deceive me by telling me that 28 C.F.R. § 600.1 and 28 C.F.R. § 603 is over Bill Clinton's case. WRONG! Part 603 of 28 C.F.R. is Bill Clinton's case, and Part 600, 28 C.F.R. applies to Debbie Stevens. Even 28 U.S.C. § 543 special attorney reference research refers to Part 600."

By Order filed on December 18, 2012, the undersigned regarded Defendant's letter as a Motion to Disqualify Ms. Stevens and set the matter for hearing on Thursday, January 3, 2013, having held a telephone conference with counsel to assure their availability on that date. (Document No. 251.) The undersigned also stated that the following Motions which Defendant had filed *pro se* would be considered to the extent that they pertained to the issue presented by Defendant's letter and the undersigned was authorized to do so: Motion for Judicial Review of FOIA Attached (Document No. 225.); Motion to Have New Appointed Attorney File Pretrial Motions and Suppression/Impeachment Motions (Document No. 227.); Motion to Dismiss Indictment for Violation of the Federal Speedy Trial Act (Document No. 247.); and Motion to Recuse the undersigned (Document No. 249.). By Order filed on December 19, 2012 (Document 253.), United States District Judge Berger denied Defendant's *pro se* Motions and letters construed as Motions (Document Nos. 242, 243, 245, 247, 248 and 249.) because "[t]he Defendant has been represented by counsel throughout the proceedings herein. This Court has repeatedly ruled that the Court need not consider *pro se* motions filed by a criminal defendant who is represented by counsel."

On December 27, 2012, counsel for Defendant filed a Motion to Adopt *Pro Se* Motions

(Document No. 254.) Defendant's counsel adopted as his own the Motions which the undersigned identified in the December 18, 2012, Order – Document Nos. 225, 227, 247 and 249. Respecting Defendant's Motion for Judicial Review of FOIA (Document No. 225.), Defendant's counsel states that Ms. Stevens has produced and will produce documents evidencing her appointment as a Special Assistant United States Attorney, and when she does, "it can very well be that the bases for this motion is moot."[2] Respecting Defendant's Motion to Have New Appointed Attorney File Pretrial Motions and Suppression/Impeachment Motions (Document No. 227.), Defendant's counsel requests that the Motion be considered upon the allegation that "Ms. Stevens was an improper person to conduct grand jury proceedings." Defendant's counsel adopts Defendant's Motion to Dismiss Indictment for Violation of the Federal Speedy Trial Act (Document No. 247.). Respecting Defendant's Motion to Recuse the undersigned (Document No. 249.), Defendant's counsel requests that the Motion be considered "insofar as the motion requests that the Court remove Ms. Stevens from the prosecution of this case because Ms. Stevens' appointment, among other things, has the appearance of impropriety in that Ms. Stevens works at the same prison where the defendant is incarcerated and is in a position to control the defendant's life in the institution and she has, at a minimum, a working relationship with the officers and staff at FCI Beckley." Finally, respecting the letter which the undersigned has deemed a Motion to Disqualify Ms. Stevens, Defendant's counsel states two grounds for Ms. Stevens' disqualification: (1) Ms. Steven's appointment "under 28 U.S.C. § 543 is invalid because the United States Attorney has not shown that there is a conflict of interest for his office or other extraordinary circumstances that would cause his staff not to be able to

---

[2] The Office of the United States Attorney has filed documents evidencing Ms. Stevens appointment as a Special Assistance United States Attorney for the period of time from March 20, 2004, through March 15, 2013. (Document No. 256.) This issue is therefore moot.

prosecute the case."and (2) there is an appearance of impropriety insofar as Ms. Stevens "has a personal interest in the case because she works with the victim of the alleged crime and . . . Ms. Stevens works for, and is paid by, the agency for which the crime was allegedly committed against."

On January 2, 2013, copies of documents evidencing Ms. Stevens' appointment as a Special Assistant United States Attorney for the period from March 20, 2004, through March 15, 2013, were filed under the Certification of Domestic Records of Regularly Conducted Activity of Ms. Sharon Wilson, custodian of records for the United States Attorney's Office for the Southern District of West Virginia. (Document No. 256.)

On January 3, 2013, the undersigned was informed that Defendant's attorney was ill and could not attend the hearing as scheduled. By Order filed that day, the undersigned rescheduled the hearing for January 8, 2013. (Document No. 257.) Also on January 3, 2013, Defendant filed a Motion to Suppress All Evidence Put Together by (SAUSA) Debbie H. Stevens *pro se*, and the Motion was referred to the undersigned. (Document No. 258.) Because Defendant's *pro se* Motion to Suppress raises the same issue to be considered at the January 8, 2013, hearing – whether Special Assistant United States Attorney Stevens has been and is qualified to represent the United States in these proceedings – the undersigned notified counsel by Order filed on January 4, 2013, that the Motion would be considered along with the others then. (Document No. 265.) By Order also filed on January 4, 2013, District Judge Berger denied Defendant's *pro se* Motion to Suppress. (Document No. 268.)

On January 8, 2013, Defendant's counsel filed his Second Motion to Adopt *Pro Se* Motions (Document No. 270.) adopting Defendant's *pro se* Motion to Suppress (Document No. 258.) as his own. Defendant's counsel states that "[i]t is the Defendant's position that counsel for the

4

government was improperly appointed and has no legal authority to present his case to the grand jury and, therefore, the indictment should be dismissed. Counsel for the Defendant also adopts the *pro se* Defendant's argument that there is a conflict of interest, or appearance of a conflict of interest, for the SAUSA to be prosecuting the Defendant when the SAUSA works with and has close contacts with the reported victim of the crime. Counsel for the Defendant also adopts, for the sake of argument, the *pro se* Defendant's argument that legal items and legal research were taken from his cell, without a Court order and without authority to do so. The property taken from the Defendant was reviewed by government agents prior to this Court entering a protective order that, among other things, allowed the government to seize certain discovery items from the Defendant."

On January 8, 2013, the parties convened for the hearing upon Defendant's Motion to Disqualify Ms. Stevens with Special Assistant United States Attorney Stevens representing the United States and Defendant present and represented by his appointed counsel, Criminal Justice Act Panel Attorney Gregory J. Campbell. Mr. Campbell acknowledged receipt of documents evidencing Ms. Stevens appointment as a Special Assistant United States Attorney, and the undersigned stated that the Court would deny Defendant's Motion for Judicial Review of FOIA (Document No. 225.) as adopted as moot. Respecting the issue whether or not Ms. Stevens is qualified to represent the United States in this matter, Mr. Campbell asserted that as a Bureau of Prisons attorney, Ms. Stevens has control over Defendant's circumstances and Defendant has been in "solitary confinement" in the Special Housing Unit for two years. Mr. Campbell further stated that following a hearing before the undersigned in August, 2011, Ms. Stevens ordered Bureau of Prisons staff to remove copies of documents disclosed in discovery in this matter from his cell which Defendant's attorney had provided him. Defendant's counsel contended that these circumstances present an appearance of

5

impropriety such that Ms. Stevens is disqualified from representing the United States in this matter. Defendant's counsel further claimed that the United States Attorney did not have authority to appoint Ms. Stevens and otherwise there was no conflict of interest making it impossible for the United States Attorney and his Assistants to conduct his prosecution and extraordinary circumstances did not exist to justify Ms. Stevens' appointment to represent the United States in this case. Ms. Stevens stated that her appointment as a Special United States Attorney does not require extraordinary circumstances. She stated that she does not have a social relationship with the alleged victims of Defendant's conduct in this matter, a Bureau of Prisons employee and his family, and, as an attorney in the Bureau of Prisons Regional Consolidated Legal Office located at FCI Beckley with responsibilities at several federal prisons, she does not have a close professional relationship with the victim. Ms. Stevens further advised that following the hearing in August, 2011, she urged the removal of the discovery documents from Defendant's cell because Defendant would use the documents obstructively to threaten and intimidate witnesses in this case and jeopardize their safety within the prison population and the security of the prison.

## DISCUSSION

Defendant's Motions designated Document Nos. 227, 249, 252 and 258 as adopted by his counsel present the issue whether Ms. Stevens is qualified to represent the United States in this matter. She clearly is. Congress authorized the appointment of Special Assistant United States Attorneys by enacting 28 U.S.C. § 543 as part of the Judiciary and Judicial Procedure Act of 1948. That statute, entitled "Special attorneys", states as follows:

> (a) The Attorney General may appoint attorneys to assist United States attorneys when the public interest so requires . . ..

28 U.S.C. § 515, entitled "Authority for legal proceedings; commission, oath, and salary for special

attorneys", establishes the range of work which Special Assistant United States Attorneys may undertake as follows:

> (a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General as a matter of law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.
>
> (b) Each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General or special attorney, and shall take the oath required by law. Foreign counsel employed in special cases are not required to take the oath. The Attorney General shall fix the annual salary of a special assistant or special attorney.

Federal Courts have not read 28 U.S.C. § 543 restrictively. In United States v. Allred, 867 F.2d 856, 871 (5th Cir. 1989), the Fifth Circuit Court of Appeals stated as follows respecting Congress' authorization of the Attorney General to appoint Special Assistant United States Attorneys:

> This authorization contains no limitation on the persons whom the Attorney General may appoint, nor does it indicate any limitation on the duties which the appointee may perform. Instead, Section 515 indicates that the appointed attorney may 'conduct any kind of legal proceedings, civil or criminal, including grand jury proceedings.' As this Court has indicated, this statute exists as an indication of authority, not as a limitation."

See also United States v. Hawthorne, 626 F.2d 87, 89 - 90 (9th Cir. 1980). Congress has therefore provided for interagency cooperation in law enforcement.

The Attorney General may delegate authority to appoint Special Assistant United States Attorneys to lesser officials. United States v. Plesinski, 912 F.2d 1033, 1037 (9th Cir. 1990). It is therefore appropriate for United States Attorneys to appoint agency attorneys as Special Assistant United States Attorneys. Attorneys from State and Federal prosecutorial and administrative agencies may qualify as Special Assistant United States Attorneys. United States v. Smith, 324 F.3d 922, 925

- 926 (7th Cir. 2003)(Where Wisconsin Prosecuting attorney was Special Assistant United States Attorney, the Court stated that [t]here is nothing in § 548 that would lead us to conclude that government attorneys, including SAUSAs, are prohibited from receiving income from other sources."); In re Perlin, 589 F.2d 260, (7th Cir. 1978)(holding that "an agency attorney who recommends prosecution is not per se disqualified from conducting the ensuing grand jury investigation as a Special Assistant U. S. Attorney."); United States v. Tedesco, 441 F.Supp. 1336, 1341 - 1342 (M.D.Pa. 1977) ("When acting pursuant to such authorization [of the Attorney General under Section 543], attorneys for the Antitrust Division have the same authority as the United States Attorney for that district."). Generally, agency attorneys are appointed as Special Assistant United States Attorneys when they have expertise in a complex or specific area of law; accessibility to information not readily accessible to United States Attorneys, their assistants and investigators; and independent investigative resources. Attorneys for the Bureau of Prisons have all three and are properly appointed Special Assistant United States Attorneys so they can prosecute criminal conduct which occurs within the closed environments of the nation's prisons. Special Assistant United States Attorney Stevens was appointed to her position pursuant to 28 U.S.C. § 543. She has authority therefore under 28 U.S.C. § 515(a) to conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States Attorneys are authorized by law to conduct . . .."

28 U.S.C. § 593, which Defendant has mentioned, pertains to the appointment of independent counsel and was enacted as part of the Ethics in Government Act of 1978. 28 U.S.C. §§ 591 - 599. It was amended by the Independent Counsel Reauthorization Acts of 1987 and 1994. Basically, under the Ethics Act, the Attorney General applied to the Special Division of the Courts for the

appointment of independent counsel to investigate and prosecute criminal violations of federal government officials. The independent counsel provisions of the Ethics Act expired in 1999. 28 U.S.C. § 599 ("This chapter shall cease to be effective five years after the date of the enactment of the Independent Counsel Reauthorization Act of 1994 . . ..") As the Ethics Act was expiring in 1999, the Attorney General promulgated 28 C.F.R. §§ 600.1 through 600.10 "to replace the procedures set out in the Independent Counsel Reauthorization Act of 1994." 64 FR 37038-01, 1999 WL 462200 (F.R.). Therefore, under Section 600.1(a), Special Counsel is appointed when the Attorney General determines that a criminal investigation is warranted, a conflict of interest or other extraordinary circumstance prevents the Department of Justice from conducting the investigation and prosecution and the public interest is served by the appointment of an outside Special Counsel. Thus, for example, when the Attorney General determines that an investigation of a federal government official is warranted, a conflict of interest is presented which prevents the Department of Justice including United States Attorneys and their Assistants from investigating and prosecuting the official and necessitates the appointment of Special Counsel under these regulations. Clearly, these regulations are not applicable in this matter as there is no conflict of interest which prevents the Department of Justice from prosecuting Defendant, and it is plainly appropriate for the Office of the United States Attorney, its Assistants and Special Assistants authorized generally under Sections 543 and 515 to conduct the prosecution of Defendant in this matter. Additionally, no conflict of interest is evident as a result of Special Assistant United States Attorney Stevens' employment in the same agency as the person allegedly the victims of Defendant's criminal conduct. United States v. Dondich, 460 F.Supp. 849, 856 (N.D.Cal. 1978); See also State v. Angell, 216 W.Va. 626, 631 - 632, 609 S.E.2d 887, 892 - 893 (2004), citing and discussing cases and stating that "Courts generally

9

have refused to disqualify agency attorneys from appearing before a grand jury to prosecute a matter which they previously investigated." It is further not evident that Ms. Stevens has acted vindictively or maliciously in conducting Defendant's prosecution. The undersigned therefore concludes that Ms. Stevens has been and is fully qualified to conduct all proceedings in representation of the United States in this matter. Defendant's Motions designated Document Nos. 227, 249, 252 and 258 will therefore be denied.

The undersigned will not rule upon Defendant's Motion to Dismiss Indictment for Violation of the Federal Speedy Trial Act (Document No. 247.) as adopted by his counsel because the District Court has not referred the issue to the undersigned. The undersigned notes nevertheless that while 18 U.S.C. § 3161(c)(1) requires that a defendant's trial shall be held within seventy days after an Indictment is filed or the defendant appears in the Court where the Indictment is filed whichever is later, periods of time are excluded from the calculation of the seventy days. 18 U.S.C. § 3161(h). For example, time is excluded for "delay resulting from any proceeding . . . to determine the mental competency of the defendant" under Section 3161(h)(1)(A) and for "delay resulting from a continuance granted . . . at the request of the defendant or his counsel" under Section 3161(h)(7). The record in this case indicates that Defendant and his counsel requested a mental competency examination (Document No. 18.) and continuances (See Document Nos. 19, 69, 106, 124, 178, 215, 229 and 248.) and therefore most of the time during which this matter has been pending is excluded from the calculation of the seventy days under Section 3161(h).[3] For this reason, if Defendant's Motion to Dismiss this matter for Violation of the Speedy Trial Act were referred to the

---

[3] Defendant has also requested new counsel several times (See Document Nos. 24, 39, 41, 78, 135,157, 216 and 235.) and is currently represented by his fourth Court appointed attorney.

undersigned, the undersigned would respectfully recommend that it be denied.

It is therefore hereby **ORDERED** that Defendant's Motion for Judicial Review of FOIA (Document No. 225.) is **DENIED** as moot and Defendant's Motions designated Document Nos. 227, 249, 252 and 258 asserting that Ms. Stevens is not qualified to represent the United States in this matter are **DENIED**. The undersigned further respectfully **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss Indictment for Violation of the Federal Speedy Trial Act (Document No. 247.) as adopted by his counsel.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record and send a copy to Defendant.

ENTER: January 9, 2013.

R. Clarke VanDervort
United States Magistrate Judge