UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.   CRIMINAL ACTION NO. 5:11-cr-00124

ELISHA RIGGLEMAN.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Elisha Riggleman's Motion for Sentence Reduction for Extraordinary and Compelling Reasons [Doc. 537], filed on October 1, 2021. The United States was ordered to respond to the motion on November 1, 2021. [Doc. 538]. The United States responded on November 16, 2021, [Doc. 539], and Mr. Riggleman replied on November 30, 2021, [Doc. 540]. The matter is ready for adjudication.

**I.**

On January 25, 2013, Mr. Riggleman pled guilty to threatening to kidnap and assault a Federal Bureau of Prisons law enforcement officer. [Doc. 321]. Mr. Riggleman was sentenced to 120 months in prison with a three-year term of supervised release. [Doc. 380]. Mr. Riggleman is due for release on August 30, 2022.

On October 1, 2021, Mr. Riggleman filed a Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 537]. He seeks release for "extraordinary and compelling reasons," citing a change in the law that means, if sentenced today, he would not qualify as a career

offender. [Doc. 537 at 1]. Specifically, Mr. Riggleman claims one of his prior convictions is no longer considered a "crime of violence" and, if sentenced today, the applicable guideline range would be 70 to 87 months in prison, rather than the 100 to 125 months he faced as a result of his incorrect classification as a career offender. [Doc. 537 at 5]. Mr. Riggleman also alleges that his conduct and rehabilitation efforts in prison are noteworthy and warrant release. [Doc. 537 at 11].

The United States respond that Mr. Riggleman was sentenced to the statutory maximum of 120 months. [Doc. 539 at 9]. The United States further contends that the 18 U.S.C. § 3553(a) factors disfavor a sentence reduction. [Doc. at 9]. The United States also noted several instances where the Honorable Irene C. Berger stated on the record how Mr. Riggleman's criminal history influenced her in determining his sentence. [Doc. 539 at 9–10].

A sampling of certain statements from the sentencing transcript may only be described as remarkable. First, and perhaps most troubling, are the observations from one of the most seasoned and experienced members of the Criminal Justice Act Panel at the time, Gregory J. Campbell. Mr. Campbell stated as follows:

> Judge, I've been doing criminal work for 38 years. Without a doubt, Mr. Riggleman is my most difficult client to work with. And, and he, he seems bent on self-destruction. You know, a lot of times if Mr. Riggleman would just keep his mouth shut, he would probably be out on the streets as we speak.

[Doc. 402 at 30]. Judge Berger's observations are, however, equally insightful and foreboding as those from Mr. Campbell:

> The defendant reports that he has been depressed most of his life and being incarcerated, of course, intensifies the symptoms. He tried to hang himself once when he was in jail.
>
> . . . .
>
> Mr. Riggleman has been evaluated by numerous mental health providers over the years . . . . Evaluations indicate that he is highly rebellious, egocentric, impulsive, incorrigible, defiant, and highly unlikely to conform to societal expectations.

> . . . .
>
> You are 42 years old and, sadly, have spent the majority of your life incarcerated. In fact, this offense, as the record reveals, was committed while you were serving a sentence for mailing threatening communications. It's readily apparent to the Court that your previous periods of incarceration have not deterred you from committing new criminal conduct. Therefore, the Court finds that a sentence within the applicable advisory guideline range is necessary and still not more than necessary to promote respect for the law, to protect the public, and to deter you from committing criminal acts in the future.
>
> . . . .
>
> In other words, you make conscientious decisions to break the law. You have a history that indicates when things don't go your way, your first inclination, Mr. Riggleman, unfortunately, is to strike back and to plot a means to accomplish that.
>
> . . . .
>
> I will further state to you in my consideration of the appropriate sentence, this Court gave consideration to a variance or a departure. But under the facts and circumstances of your case, including the conduct, your prior record, and even including the mental illness history that is included in the report, this Court found that a departure or variance downward was not appropriate and would not serve the goals of Section 3553(a).

[*Id.* at 37, 45–47]. As the United States additionally notes, while incarcerated "Defendant has been involved in numerous fights as well as threatening bodily harm." [Doc. 539 at 10].

In his reply, entered on November 30, 2021, Mr. Riggleman re-alleges that the change in the law, and thus the guideline range, is sufficiently extraordinary and compelling to warrant his release. [Doc. 540].

## II.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) and now allows an incarcerated person to move the court for compassionate release. Specifically, "[t]he First Step Act removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions

for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). The defendant must first exhaust the administrative process established by the Bureau of Prisons or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). The United States Court of Appeals for the Fourth Circuit determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. As of the date of this order, the U.S. Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *2 (S.D.W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282–83).

### III.

Upon careful review under 18 U.S.C. § 3582(c)(1)(A) and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Mr. Riggleman has not shown that relief is warranted. Mr. Riggleman's assertion that if sentenced under the current law he would not be a career offender does not rise to the level of extraordinary or compelling reasons to reduce his sentence when taken with his criminal history, his record while incarcerated, and the worrisome observations in the record set forth more fully *supra*.

In his Motion, Mr. Riggleman alleges he would no longer be considered a career offender. However, no longer qualifying as a career offender does not in and of itself rise to the level of an extraordinary or compelling reason to reduce a sentence. *United States v. Spencer*, 521 F. Supp. 3d 606, 610 (E.D. Va. 2021) ("Nothing in *McCoy*, however, requires the court to reduce a defendant's sentence once the defendant shows that new statutory or case law would have benefitted the defendant, if such law had existed at the time of the defendant's sentencing."). This is especially true when, like here, the driving force of the sentence imposed was not the Guideline range but rather the statutory maximum. Mr. Riggleman also points to his rehabilitation record, but as the Government notes in its response, rehabilitation is one of the primary goals of incarceration. [Doc. 538 at 10]. Thus, its existence, without further compelling or extraordinary reasons, does not recommend a sentence reduction to this Court. And it is apparent that Mr. Riggleman's behavior during his incarceration is not of the model variety.

Moreover, the applicable 18 U.S.C. § 3553(a) factors weigh strongly against Mr. Riggleman's release. Mr. Riggleman is scheduled to be released on August 30, 2022, after he completes a 120-month term of imprisonment, the statutory maximum, for threatening to kidnap and assault a Federal Bureau of Prisons law enforcement officer. The officer's child and spouse were also victimized. At sentencing, the Court did not grant a reduction of the offense level for acceptance of responsibility. Mr. Riggleman's actions and offender history have shown a clear disregard for the criminal justice system. Mr. Riggleman has served multiple sentences and has had four terms of probation and a term of parole revoked because of violations. [Doc. 539-1 at 46]. At the time of sentencing, Judge Berger noted that previous sentences had not had a deterrent effect on Mr. Riggleman. [Doc. 539-1 at 45–46].

Mr. Riggleman's criminal history is extensive, including convictions for violent

offenses. Moreover, the offense for which he is currently incarcerated was committed while he was serving a term of imprisonment for another conviction. Additionally, Mr. Riggleman has committed multiple infractions since his imprisonment, including threatening bodily harm, assault without serious injury, fighting with another person, and making a sexual proposal or threat. [Doc. 537-2]. In sum, the § 3553(a) factors strongly counsel against release.

**IV.**

For the foregoing reasons, the Court **DENIES** Defendant Elisha Riggleman's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [**Doc. 537**].

The Clerk is directed to send a copy of this written opinion and order forthwith to the Defendant and counsel of record in this matter.

ENTER: December 28, 2021



Frank W. Volk
United States District Judge